**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv767 |
| | ) | |
| $17,891.89 IN FUNDS FROM UNION | ) | |
| BANK & TRUST ACCOUNT NUMBER | ) | |
| 342934201; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO MOTION TO REOPEN DISCOVERY
AND
REPLY OF THE DEFENDANTS TO
THE GOVERNMENT'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The defendants, Shaq's Corporation, Shagufta Yasmeen, Maria Shah, and Kukki International, by counsel, state as follows for their opposition to motion to reopen discovery and for their reply to the Government's objections to the Report and Recommendation of the United States Magistrate Judge (the "Magistrate Judge").

The Government (I) objected to the Magistrate Judge's proposed findings of undisputed facts, (II) objected to the Magistrate Judge's recommendation to strike the "expert" testimony of Special Agent Judith Razzetti, and, alternately, moved to reopen discovery to enable her to be designated as an expert witness, and (III) objected to the Magistrate Judge's recommendation to deny the Government's summary judgment motion. For the reasons that follow, the defendants request the Court to adopt the

1

Report and Recommendations of the Magistrate Judge, to deny the Government' motion to reopen discovery, and to deny the Government's motion for summary judgment.

## The Court should deny the Government's motion to reopen discovery.

In his Report and Recommendation, the Magistrate Judge noted the Court would consider a motion to reopen discovery, upon a sufficient showing of good cause. (Fn3, Page 6). In its objections, the Government moves the Court to reopen discovery for the limited purpose of allowing both parties to designate experts and conduct depositions as necessary. However, the Government has made no showing of good cause, and its motion should be denied.

The Government makes <u>no</u> showing of why it wishes to reopen discovery other than to avoid the consequences of its earlier failure to comply with expert designation deadlines. That is not good cause shown. It had ample opportunity to comply with the rules and Court's orders. The Government does not seek additional discovery to "discover" anything now existent, or to learn anything it could not have learned before. It just wants another go at complying with select discovery deadlines. And this Court should not favor or accommodate one plaintiff in a civil action over another. This Court should apply its rules and orders to the instant plaintiff, the United States of America, the same as it would to any other civil party.

The Government can still prove the facts of its claims at trial. The facts are all still admissible, i.e., that the transactions occurred, how they occurred, by whom, the dates and timing of the transactions, the recollections of the persons involved. The jury will still be able to hear all the relevant facts of the case. What the Government may lose due to its failure to designate is the opportunity to have an expert testify that <u>she</u>

believes illegal structuring occurred. That opinion is not essential to this case. It is the jury's opinion on that same issue, after hearing the relevant facts, after hearing the instructions of law from this Court, that is essential to this case.

The Government extra-judicially seized the defendants' funds on June 9, 2009. It filed its forfeiture complaint on December 4, 2009. It is now just days away from 2011. Reopening discovery at this time will simply delay the resolution of this case even further, and should not be done.

WHEREFORE, the defendants respectfully request the Court to deny the Government's motion to reopen discovery, and to grant the defendants such other and further relief that to the Court may seem appropriate.

### The Magistrate Judge correctly recommended that Agent Razetti's expert testimony be struck.

In the 4th Circuit, "lay opinion testimony *must* be based on personal knowledge." United States of America v. Johnson, 617 F. 3d 286, 292 (4th Cir. 2010) (emphasis in original) (quoting United States of America v. Perkins, 470 F. 3d 150, 155-56 (4th Cir. 2006). "In order to adequately build a foundation for lay testimony, it must be 'based on the perception of the witness.'" Johnson, 617 F. 3d at 292-93 (quoting TLT-Babcock, Inc. v. Emerson Elec. Co., 33 F. 3d 397, 400 (4th Cir. 1994). "At bottom, Rule 701 forbids the admission of expert testimony dressed in lay witness clothing." Id. (quoting Perkins, 470 F. 3d at 156).

Unlike the officers in Perkins, Agent Razetti's opinions were based upon post-hoc assessments she achieved by applying her specialized knowledge and training to business and banking records, and were not based upon any contemporaneous perceptions made at any scene. She is an expert in her profession, and her opinions are

3

expert opinions. For experts and expert opinions, designation and disclosure are required – which was not done here.

### Regarding the Magistrate Judge's findings of fact:

The Magistrate Judge's findings of facts are well supported by the record and sufficient, and the Government's objections are unfounded. For example, that it is essential for a business to have funds in place to meet withdrawals and pay checks seems too obvious to seriously dispute. Likewise, Maria Shah's bank account balance was established by records furnished to the defendants by the Government, and is relevant to her claimed ownership interest, notwithstanding the fungibility of currency.

WHEREFORE, the defendants respectfully request the Court to deny the Government any of the relief it seeks in its objections to the Report and Recommendations of the United States Magistrate Judge, and to affirm and adopt said report and recommendations and should, for the reasons set forth therein, deny the Government's Motion for Summary Judgment, and set this matter to be tried.

Respectfully submitted,

SHAQ'S CORPORATION,
SHAGUFTA YASMEEN,
MARIA S. SHAH, AND
KUKKI INTERNATIONAL

By Counsel

_____/s/_____
Mark H. Schmidt (VSB # 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone: (804) 358-4731
Facsimile: (804) 864-0895
Email: mschmidt@ayerslaw.com
*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2010, I will electronically file the foregoing opposition with the Clerk of the Court using the CM/ECF system, which will then send a notice of filing to:

>Laura Colombell Marshall, Esq.
>Assistant United States Attorney
>United States Attorney's Office
>600 East Main Street, Suite 1800
>Richmond, Virginia 23219
>Telephone: (804) 819-5512
>Facsimile: (804) 771-2316
>Email: Laura.Marshall@usdoj.gov

>_____/s/_____
>Mark H. Schmidt (VSB # 44521)
>Ayers & Stolte, P.C.
>710 North Hamilton Street
>Richmond, Virginia 23221
>Telephone: (804) 358-4731
>Facsimile: (804) 864-0895
>Email: mschmidt@ayerslaw.com
>***Attorney for the Defendants***